## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**WILEY REIN LLP**
1776 K Street, NW
Washington, DC 20006,

        Plaintiff,

v.

**U.S. DEPARTMENT OF STATE**
The Executive Office
Office of the Legal Adviser, Suite 5.600
600 19th Street, NW
Washington, DC 20522,

        Defendant.

Civil Action No.

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Wiley Rein LLP ("Wiley Rein") alleges for its Complaint against Defendant United States Department of State ("Defendant") as follows.

## I.    INTRODUCTION

1.    This is an action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in order to compel Defendant to render a decision on Wiley Rein's FOIA request and require Defendant to disclose records improperly withheld from Wiley Rein.

## II.    PARTIES

2.    Wiley Rein is a District of Columbia law firm that filed a FOIA request with Defendant on behalf of the U.S. steel concrete reinforcing bar industry.  Wiley Rein's office is located at 1776 K Street, NW, Washington, DC 20006.

3.    Defendant is an executive department of the government of the United States and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

III.   **JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper under 5 U.S.C. § 552(a)(4)(B).

IV.   **BACKGROUND  AND APPLICABLE LAW**

5.       Wiley Rein filed a FOIA request on November 26, 2013, a true and correct copy of which is attached to this Complaint as Exhibit A, seeking the disclosure of two unclassified cables sent by the U.S. embassy in Ankara, Turkey to Defendant and requesting expedited processing of this request.  These cables are Cable 02ANKARA8594, Uncertainty for Pending and Existing BOT/TOR Projects in Turkey (Nov. 25, 2002); and Cable 06ANKARA2877, Hopes and Fears in Turkey's Electricity Sector (May 22, 2006).

6.      The information in these cables was and continues to be critical to the U.S. steel industry.  Specifically, the cables, which are in the public domain on the Internet but do not appear to be available from any U.S. Government source, demonstrate that the Turkish government is providing a subsidy in the form of electricity for more than adequate remuneration to its domestic power industry, including certain Turkish steel producers.

7.      At the time of Wiley Rein's request, this information was crucial to the U.S steel industry's case in the U.S. Department of Commerce's ("Commerce") countervailing duty ("CVD") investigation of imports of steel concrete reinforcing bar from Turkey.  Commerce ultimately declined to initiate an investigation of the domestic industry's allegation of a subsidy provided by the Turkish government, based, in part, on the lack of information to value the subsidy, which these cables provide.  Without this information from a U.S. Government source, Commerce is unlikely to initiate an investigation of this subsidy allegation in future administrative reviews of the CVD order on steel concrete reinforcing bar from Turkey or in

other unfair trade cases.

8.      Despite the urgency and importance of this request, Defendant failed to render a decision on Wiley Rein's request for expedited processing within the required timeframe of ten (10) days.  5 U.S.C. § 552(a)(6)(E); 22 C.F.R. § 171.12(b).

9.      Defendant also failed to issue any response to Wiley Rein's FOIA request within the statutorily-prescribed time period of twenty (20) business days for standard FOIA requests.  5 U.S.C. § 552(a)(6)(A); 22 C.F.R. § 171.12(d).   Nor did the request involve "unusual circumstances" warranting an extension of this deadline.  *See id.*

10.      It was not until April 14, 2015, nearly **seventeen (17) months** after Wiley Rein filed its FOIA request and after repeated telephone calls by Wiley Rein to Defendant, that Defendant first responded to Wiley Rein's request in writing.   In that response, Defendant indicated that it had searched for and retrieved the requested cables, but that a decision on whether or not to release the two cables required "intra-agency or interagency coordination."  A true copy of the April 14, 2015 Response is attached to this Complaint as Exhibit B.  The response gave no excuse for Defendant's excessive delays in responding to Wiley Rein's request or any indication of when a decision would be forthcoming.

11.      On May 14, 2015, Wiley Rein appealed Defendant's unsatisfactory response and excessive processing delays to Defendant's Appeals Review Panel.  A true copy of Wiley Rein's May 14, 2014 appeal is attached to this Complaint as Exhibit C.

12.      Defendant's Appeals Review Panel did not issue an agency decision on the appeal within the required timeframe of twenty (20) days and has yet to issue any decision or response to Wiley Rein.  *See* 5 U.S.C. § 552(a)(6)(A); 22 C.F.R. § 171.52(c).

13.      It has now been more than twenty-one (21) months since Wiley Rein submitted its

FOIA request, and to date Defendant still has not reached a decision on whether to produce the two cables requested by Wiley Rein.  Nor has Defendant made any attempt to address Wiley Rein's concerns regarding its undue delay or provided Wiley Rein with an estimated date when a decision will be made.

14.     Wiley Rein has a statutory right to timely production of the records it seeks, and there is no legal basis for Defendant's unreasonable failure to disclose them, particularly given the specificity and limited scope of the request.  Moreover, the two requested cables are publicly available, were specifically identified, and do not contain U.S. government-classified information such that a FOIA exemption could possibly apply in this case.

15.     Due to Defendant's complete failure to comply with its obligations under FOIA, Wiley Rein now seeks Court intervention to enforce its rights under FOIA, render a decision on Wiley Rein's FOIA request, and compel production of the requested cables.

<u>**COUNT ONE**</u>

16.     Wiley Rein re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint.

17.     Defendant violated FOIA and Defendant's FOIA regulations by failing to respond within the prescribed time period to Wiley Rein's request for expedited processing of its request for release of the two cables described above.  5 U.S.C. § 552(a)(6)(E); 22 C.F.R. § 171.12(b).

<u>**COUNT TWO**</u>

18.     Wiley Rein re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 of this Complaint.

19.     Defendant violated FOIA and Defendant's FOIA regulations by failing to respond within the statutorily-prescribed time period for standard FOIA requests to Wiley Rein's request for release of the two cables described above.  5 U.S.C. § 552(a)(6)(A); 22 C.F.R. § 171.12(d).

4

## COUNT THREE

20.     Wiley Rein re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint.

21.     Defendant violated FOIA and Defendant's FOIA regulations by failing to respond within the prescribed time period to Wiley Rein's appeal of Defendant's unsatisfactory response to Wiley Rein's request for release of the two cables described above.  5 U.S.C. § 552(a)(6)(A); 22 C.F.R. § 171.52(c).

## COUNT FOUR

22.     Wiley Rein re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

23.     Defendant violated FOIA by failing to produce the documents requested in Wiley Rein's FOIA request.  5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Wiley Rein prays for judgment against Defendant as follows:

1. Declaring that Defendant's failure to issue required responses to Wiley Rein and to disclose the records requested by Wiley Rein is arbitrary and capricious and/or unlawful;

2. Enjoining Defendant from violation of the Freedom of Information Act;

3. Ordering Defendant to make a determination on whether to comply with Wiley Rein's FOIA request;

4. Ordering Defendant to produce, in their entirety, the responsive records in an expeditious manner;

5. Awarding Wiley Rein its costs and reasonable attorneys' fees incurred in this action; and

6.  Granting such other relief as the Court may deem just and proper.

Date:  August 28, 2015

/s/ Michael L. Sturm
Michael L. Sturm (D.C. Bar # 422338)
Alan H. Price (D.C. Bar # 377367)
John R. Shane (D.C. Bar # 421580)
Stephen J. Obermeier (D.C. Bar # 979667)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: (202) 719-7000
Facsimile: (202) 719-7049
msturm@wileyrein.com
aprice@wileyrein.com
jshane@wileyrein.com
sobermeier@wileyrein.com

*Counsel for Plaintiff Wiley Rein LLP*